[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPEARANCE OF ATTORNEYS SCHATZ SCHATZ, RIBICOFF KOTKIN (#124)
The plaintiff has brought this action against her ex-husband, Vincent A. Clements, Jr., an insurance agent, and Massachusetts Mutual Life Insurance Company (Mass. Mutual), alleging that the defendants wrongfully paid, or caused to be paid to the defendant, Patrick Delahunty, the cash surrender value of a life insurance policy which was owned by the plaintiff. The plaintiff has filed a motion to disqualify the law firm of Schatz Schatz, Ribicoff Kotkin from representing the defendant Mass. Mutual on the ground that such firm had previously represented the plaintiff and its involvement in this case would constitute a conflict of interest.
Attorney Stuart Roth of Schatz Schatz, Ribicoff Kotkin had represented the plaintiff in a dissolution action against Patrick Delahunty. Rule 1.9 of the Connecticut Rules of Professional Conduct precludes an attorney or law firm from representing another person in a "substantially related matter" in which such person's interests are materially adverse to those of the former client. Clearly the interests of Mass. Mutual and the plaintiff in this action are materially adverse. Thus the issue is whether this action is substantially related to the prior dissolution action.
As is pointed out in the brief in opposition to plaintiff's motion, and as was stated at oral argument, the subject matter of this litigation played only a small part in the dissolution action and the plaintiff engaged different counsel who represented her during the trial of the dissolution case.
However, clearly the subject matter of the Mass. Mutual policy, and its alleged unauthorized surrender came up during the dissolution case at a time when the plaintiff was represented by Attorney Roth. Indeed, Mr. Roth questioned Mr. Delahunty about this policy and subsequent events concerning it during a deposition taken in conjunction with the dissolution action. Furthermore, in receiving the pleadings in this case, it appears that an issue will be raised as to whether the plaintiff's claims herein are precluded by virtue of the judgment in the dissolution action. Apparently, the claim will be made that the cash surrender value of the Mass. Mutual policy was used to purchase a new policy, the proceeds of which were awarded to the plaintiff CT Page 11215 in the dissolution action.
In light of the above, it would appear that the two cases are substantially related within the meaning of Rule 1.9. This case is at a relatively early stage and it would therefore not result in substantial prejudice to require Mass. Mutual to obtain new counsel. The motion of the plaintiff to strike the appearance of Schatz Schatz, Ribicoff and Kotkin, which the court is treating as a motion to disqualify, is hereby granted.
Bruce W. Thompson, Judge